UNITED STATES of America, Plaintiff,

v.

NATIONAL DYNAMICS CORPORA-
TION and Elliot Meyer,
Defendants.

No. 78 Civ. 3892 (VLB).

United States District Court,
S. D. New York.

Oct. 16, 1981.

John S. Martin, Jr., U. S. Atty., S. D. N.
Y. by Harvey J. Wolkoff, Asst. U. S. Atty.,
New York City, for the U. S.

Solomon Friend, Friend & Dorfman, New
York City, for defendants.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District
Judge.

I.

The United States seeks in this action a)
the recovery of civil penalties pursuant to
15 U.S.C. § 45(*l*) for alleged violations of
cease and desist orders issued by the Feder-
al Trade Commission ("Commission") in
1959 and 1973 (Counts 1–12 of the com-
plaint); and b) a permanent injunction pro-
hibiting defendants from engaging in cer-
tain acts that were not encompassed within
the cease and desist orders, but which al-
legedly violate the Federal Trade Commis-
sion Act ("the Act") (Count 13).

Defendants National Dynamics Corpora-
tion and Elliot Meyer ("defendants") have
moved to dismiss Count 13. Succinctly put,
defendants' position is that the government
is not entitled to a permanent injunction
against acts and practices that have not
been prohibited by an order of the Commis-
sion. They argue that absent Commission
administrative proceedings directed to such
acts and practices the district court has no
jurisdiction to enjoin them.

For the reasons which follow defendants'
motion is denied.

Section 13(b) of the Act, 15 U.S.C. § 53(b)
provides in pertinent part:

Temporary restraining orders; prelimi-
nary injunctions

(b) Whenever the Commission has reason
to believe—

   (1) that any person, partnership, or
corporation is violating, or is about to
violate, any provision of law enforced by
the Federal Trade Commission, and

(2) that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public—

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: Provided, however, That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect: Provided further, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction.

Defendants suggest that the second proviso clause should be interpreted as a permanent injunction only pending the issuance of a complaint by the Commission. I do not so interpret this proviso. While Section 13(b) conditions the continuance of a temporary restraining order or a preliminary injunction upon the prompt issuance by the Commission of an administrative complaint, no such condition attaches to the issuance of a permanent injunction. The district court has jurisdiction permanently to enjoin violations of the Act, whether or not the Commission has initiated, or is about to initiate, an administrative proceeding with respect to the alleged violations. *FTC v. Singer*, No. C–80–3068 (N.D.Cal. Jan. 7, 1981) (hold-

ing that the Commission can forego administrative proceedings in routine fraud cases and seek permanent relief in federal court). *See also FTC v. Virginia Homes Manufacturing Corp.*, 509 F.Supp. 51 (D.Md.1981), aff'd, *FTC v. Virginia Homes Manufacturing Corp.*, 661 F.2d 920 (4th Cir. 1981) (holding that the Commission is entitled to permanent relief upon proof of a violation of law and a showing that the relief sought is in the public interest).

The legislative history, while sparse, confirms my view that the second proviso of Section 13(b) of the Act authorizes the court, in a proper case, permanently to enjoin a violation of the Act, whether or not a Commission proceeding with respect to the violation is in progress or is about to be begun:

> The purpose of [Section 13(b)] is to permit the Commission to bring an immediate halt to unfair or deceptive acts or practices when to do so would be in the public interest.... [T]he Commission will have the ability ... merely to seek a permanent injunction in those situations in which it does not desire to further expand the prohibitions of the Federal Trade Commission Act through the issuance of a cease-and-desist order.

S.Rep.No.151, 93d Cong., 1st Sess. 30–31 (1973).[1]

I note that Section 9 of the Act, 15 U.S.C. § 49, provides a second and independent source of this court's jurisdiction to grant a permanent injunction against violation of the Act upon the application of the United States:

> Upon the application of the Attorney General of the United States, at the request of the Commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person, partnership, or corporation to comply with the provisions

---

1. Defendants suggest that any authority to seek a permanent injunction is granted by § 13(b) to the Commission and not to the United States, which is the plaintiff here. However, Section 16(a)(2) of the Act, 15 U.S.C. § 56(a)(2), provides that in any civil action under Section 13 the Commission may authorize the Attorney General to commence action, and the United States Attorney represents that such authorization has been given.

of sections ... 47 to 58 of this title or any order of the Commission made in pursuance thereof.

SO ORDERED.