**FEDERAL TRADE COMMISSION,**
Plaintiff-Appellee,

v.

**U.S. OIL & GAS CORPORATION, Eagle Oil & Gas Corporation, The Stratford Company, Gurdon Wolfson, Martin Rotberg, Harold Cooperman, Irving Sand, Milt Sand, Mike Bennett a/k/a Felix Dunbar, Defendants-Appellants,**

**J. Leonard Diamond, Richard S. Wolfson, Mark Simpson, Harvey Ganz, Defendants.**

**FEDERAL TRADE COMMISSION,**
Plaintiff-Appellee,

v.

**U.S. OIL & GAS CORPORATION, Eagle Oil & Gas Corp., The Stratford Company, Defendants-Appellants,**

**J. Leonard Diamond, Richard S. Wolfson, Mark Simpson, Harvey Ganz, Gurdon Wolfson, Martin Rotberg, Harold Cooperman, Irving Sand, Milt Sand, Mike Bennett a/k/a Felix Dunbar, Defendants.**

**FEDERAL TRADE COMMISSION,**
Plaintiff-Appellee,

v.

**UNITED STATES OIL AND GAS CORP., et al., Defendants,**

**Gurdon Wolfson, Defendant-Appellant.**

Nos. 83–5838, 84–5133 and 84–5166.

United States Court of Appeals, Eleventh Circuit.

Nov. 15, 1984.

**1432**

Charles O. Farrar, Jr., Lyons & Farrar, P.A., Coral Gables, Fla., for Gurdon Wolfson.

Michael M. Eaton, Arent, Fox, Kintner, Plotkin & Kahn, Donald B. Mitchell, Jr., Washington, D.C., for U.S. Oil, Eagle Oil and Stratford.

Bruce A. Zimet, Fort Lauderdale, Fla., for Rotberg and Cooperman.

Benedict P. Kuehne, Neil R. Sonnett, Miami, Fla., for Bennett.

A. Scott Miller, McMaster, Forman & Miller, P.A., Miami, Fla., for Rotberg.

Ernest J. Isenstadt, F.T.C., Washington, D.C., for F.T.C. in all cases.

Bernard J. Phillips, F.T.C., Washington, D.C., for F.T.C. in Nos. 84–5133 and 84–5166.

Marc Cooper, Miami, Fla., for F.T.C. in No. 84–5133.

C. Steven Baker, Howard Shapiro, John H. Carley, F.T.C., Washington, D.C., for F.T.C. in No. 84–5166.

Before FAY and VANCE, Circuit Judges, and MacMAHON *, District Judge.

PER CURIAM:

Appellants appeal from orders dated October 26, 1983, January 7, 1984, and January 23, 1984 of the United States District Court for the Southern District of Florida (Hoeveler, J.), granting a preliminary injunction prohibiting certain deceptive acts, granting ancillary relief .freezing assets and appointing a Receiver, and denying appellants' motion to vacate the preliminary injunction.

This case presents just one issue: whether the district court has the inherent power of a court of equity to grant ancillary relief, including freezing assets and appointing a Receiver, as an incident to its express statutory authority to issue a permanent injunction under Section 13 of the Federal Trade Commission Act. 15 U.S.C. § 53(b). The district court answered this question in the affirmative. The decision of the district court is affirmed for the reasons stated in the order of Judge Hoeveler denying appellants' motion to vacate the preliminary injunction dated January 7, 1984, appended hereto as Appendix A.

AFFIRMED.

---

* Honorable Lloyd F. MacMahon, U.S. District Judge for the Southern District of New York, sitting by designation.

APPENDIX A

## IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

FEDERAL TRADE COMMISSION, Plaintiff,

vs.

U.S. OIL & GAS CORPORATION, et al., Defendants.

Case No. 83–1702 CIV WMH

## ORDER DENYING MOTION TO VACATE

Pending before the Court is defendant's "Motion to Vacate Order of Preliminary Injunction Issued October 26, 1983." Plaintiff, Federal Trade Commission (Commission) opposes this motion. Defendants contend that under § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), a preliminary injunction must be dissolved if the Commission has not filed an administrative complaint within twenty days after entry of a preliminary injunction. More than twenty days have passed since entry of this Court's preliminary injunction[1] and the Commission concedes that no administrative action has been filed.

The Commission contends, however, that it relies on a different portion of § 13(b), the final proviso of that section, providing authority for the Court to issue permanent injunctive relief. The Commission's argument is that because the grant of authority to issue permanent relief has not been limited by Congress the full range of equitable powers is available to the Court and the preliminary injunction entered here is ancillary to that grant.

The starting point for examination of these contentions is, of course, the statute itself. Section 13(b) provides:

Temporary restraining orders; preliminary injunctions

(b) Whenever the Commission has reason to believe—

(1) that any person, partnership, or corporation is violating, or is about to violate any provision of law enforced by the Federal Trade Commission, and

(2) that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public—

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: *Provided, however,* That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect: *Provided further, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction.* Any such suit shall be brought in the district in which such person, partnership, or corporation resides or transacts business.

(emphasis added) The final proviso to § 13(b) contemplates entry of permanent injunctions in proper cases.

The issue is whether, incident to its express statutory authority to issue a permanent injunction, a court may also exercise the traditional inherent powers of a court of equity. These include, in particular, the

---

[1] In the Preliminary Injunction Order entered October 26, 1983 the Court enjoined certain deceptive sales practices and froze the assets of the defendant corporations, U.S. Oil and Gas Corp., Eagle Oil and Gas Corp. and The Stratford Company.

power to order preliminary relief, including an asset freeze, that may be needed to make permanent relief possible. The principles under which this determination is to be made are unambiguous.

> Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction. And since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake. *Virginian R. Co. v. System Federation*, 300 U.S. 515, 552 [57 S.Ct. 592, 601, 81 L.Ed. 789]. Power is thereby resident in the District Court, in exercising this jurisdiction, "to do equity and to mould each decree to the necessities of the particular case." *Hecht Co. v. Bowles*, 321 U.S. [321], 329 [64 S.Ct. 587, 591, 88 L.Ed. 754].

> \* \* \* \* \* \*

> Moreover, the comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. "The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction." *Brown v. Swann*, 10 Pet. 497, 503 [9 L.Ed. 508]. See also *Hecht Co. v. Bowles, supra*, 330 [64 S.Ct. 592].

*Porter v. Warner Holding Co.*, 328 U.S. 395, 397–98 [66 S.Ct. 1086, 1088–89, 90 L.Ed. 1332] (1946).

In *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir.1982), the only appellate decision to address the issue presented here, the Court considered whether the equitable powers granted in the final proviso of § 13(b) included the power to order restitu-

tion and rescission, and to grant preliminary relief ancillary thereto. The Court of Appeals concluded that § 13(b) did invest the district court with these traditional powers:

> We hold that Congress, when it gave the district court authority to grant a permanent injunction against violations of any provisions of law enforced by the Commission, also gave the district court authority to grant any ancillary relief necessary to accomplish complete justice because it did not limit that traditional equitable power explicitly or by necessary and inescapable inference. In particular, Congress thereby gave the district court power to order rescission of contracts. Hence § 13(b) provides a basis for an order freezing assets.

*Id.* at 1113.

This Court agrees with *Singer's* interpretation of § 13(b). Congress did not limit the court's powers under the final proviso of § 13(b) and as a result this Court's inherent equitable powers may be employed to issue a preliminary injunction, including a freeze of assets, during the pendency of an action for permanent injunctive relief.[2] The decisions in *United States v. JS & A Group, Inc.*, 716 F.2d 451 (7th Cir.1983) and *United States v. National Dynamics Corp.*, 525 F.Supp. 380 (S.D.N.Y.1981), cited by defendants, are not persuasive authority to the contrary. Those cases affirmed the power of federal district courts to issue permanent injunctions pursuant to the final proviso of § 13(b). Preliminary injunctions were not requested and ancillary preliminary relief was not at issue. Thus, comments in those opinions concerning the availability of preliminary injunctive relief are dicta.

Defendants' motion does not challenge the grant of the preliminary injunction; it only seeks to have it vacated because no administrative complaint has been filed. Having concluded, however, that the pre-

**2.** Support for this conclusion also comes from *FTC v. Southwest Sunsites, Inc.*, 665 F.2d 711 (5th Cir.1982), where the Court held that the first proviso of § 13(b), authorizing preliminary injunctions pending issuance of administrative complaints, authorized a grant of ancillary equitable relief under the "doctrine of inherent equitable jurisdiction." Id. at 721.

liminary injunction issued here was founded on the Court's equitable powers to provide relief ancillary to the Commission's complaint for permanent injunction, it follows that the motion to vacate should be denied.

It is therefore ORDERED that defendants' "Motion to Vacate Order of Preliminary Injunction Issued October 26, 1983" is denied.

/s/ W.M. Hoeveler
Judge William M. Hoeveler

DONE and ORDERED this 7th day of Jan., 1984.

Tuttle, Senior Circuit Judge, filed separate opinion concurring in part and dissenting in part.